# Charles Osner, Plff. in Err., *v.* Christian Dieterle, Exr. of Herman Vollrath.

Judgment for the plaintiff on the garnishee's answers to interrogatories in an attachment execution is conclusive, as to the ownership of the debt attached, upon such persons only as have had notice to come in and defend.

A claimant of the debt is not debarred by notice to an attorney who has

NOTE.—For the effect of the judgment, see Dayton v. Wagner, 2 Legal Record Rep. 162.

represented him in other actions, but who does not represent him for the purpose of intervening in the attachment execution.

It is immaterial that the same attorney subsequently represents the claimant in an action to recover the debt from the garnishee.

(Argued January 20, 1887. Decided February 28, 1887.)

July Term, 1886, No. 202, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 3 of Philadelphia County to review a judgment for the defendant on a point reserved in an action of assumpsit. Reversed.

Reported below as Osner v. Vollrath, 2 Pa. Co. Ct. 184.

At the trial the following facts appeared:

This was an action to recover the price of leather sold and delivered.

The defendant, Herman Vollrath, who died before the trial of the case below, was a shoemaker, who frequently bought leather of Ferdinand Osner, trading under the name of Ferdinand Osner & Company, a leather merchant in Philadelphia whose son, Charles Osner, the plaintiff, resided and did business in Chicago and had not been connected in any capacity with the firm of Ferdinand Osner & Company for many years.

On December 8, 1882, a teamster, who had frequently delivered leather from Ferdinand Osner, to Vollrath, brought to the latter's shop four rolls of leather while Vollrath was absent. His son, who was present, supposing that his father had bought the leather of Ferdinand Osner, received it, as it was similar to leather purchased of Ferdinand Osner on former occasions. A day or two afterwards Ferdinand Osner failed, and one John S. Wood brought suit against him in Common Pleas, No. 1, obtained judgment, issued an attachment execution and summoned Vollrath as garnishee, April 20, 1883.

Vollrath employed Wood's counsel. Interrogatories were filed, and Vollrath answered on April 28, 1883, *inter alia:* "I have never dealt with or had any transaction with any person by the name of Osner, excepting Ferdinand Osner. . . . On or about December 8, 1882, I received four rolls of leather brought to my shop by Ferdinand Osner's teamster. . . . The first time that I heard that any other person than the defendant claimed to have owned this leather was on the 5th of April, 1883,

when a bill was presented at my shop for said leather, substantially as follows: Herman Vollrath, boot and shoemaker, bought of Charles Osner four rolls of leather, $172. . . . I had no dealings with said Charles Osner for the last four years. . . . I never dealt with Charles Osner except as his father's, the defendant's, salesman. . . ."

On May 3, 1883, counsel for plaintiff therein served on Martin H. Stutzbach, Esq., the following notice:

Philadelphia, May 3, 1883.

Wood v. Osner, deft., and Herman Vollrath, garn., C. P. 1, Dec. T., '82. No. 765.

Martin H. Stutzbach, Esq.,
    249 North Fifth St.

Dear Sir: Please take notice that on Saturday next, May 5, at 10 o'clock, I shall, on behalf of the plaintiff, move for judgment against the garnishee for the amount admitted by him to be due in his answer to plaintiff's interrogatories. I give you this notice, as I understand you represent Charles Osner, who claims to be the owner of the debt due by Vollrath.

I am, Yours Respectfully,
A. Sydney Biddle.

No other notice was ever given. Mr. Stutzbach frequently acted as counsel for Charles Osner, but was not his counsel in that matter.

On May 5, 1883, when plaintiff's counsel moved for judgment on the answers, Mr. Stutzbach happened to be in court in another case, and being called upon said: "I said to the court that I did not think I had any standing in the case."

Judgment was entered by the court, because Mr. Biddle, representing both plaintiff and garnishee, did not object; and the same day the judgment was paid and satisfied.

All the above proceedings were consummated before the return day of the attachment *sur* judgment.

On the trial of the present case, in which Mr. Stutzbach was counsel of record for the plaintiff, the record of that case, the notice to Mr. Stutzbach, and the payment by the garnishee were set up as a bar to the recovery.

The court left the question of the ownership of the leather and its sale to defendant to the jury, and reserved the question:

"Whether the record of the case of John S. Wood v. Ferdinand Osner, defendant, and Herman Vollrath, garnishee, C. P. No. 1, December Term, 1882, No. 765, with the notice of May 3, 1883, to Mr. Stutzbach, and the latter's presence in court when the motion for judgment against the garnishee was made, is a conclusive bar to the present suit, the attachment therein being to recover the value of the leather, the subject-matter of the present suit, and the garnishee therein having actually paid the judgment against him."

The jury found for the plaintiff, but the court entered judgment for the defendant on the reserved point, and this and the admission of the record were assigned as error.

*Alexander Simpson, Jr.,* for plaintiff in error.—The notice was not served upon the proper person.

The reserved point does not state that Mr. Stutzbach was counsel for plaintiff, and it must therefore be conclusively presumed that he was not. Wilde v. Trainor, 59 Pa. 439; Fayette City v. Huggins, 112 Pa. 1, 2 Cent. Rep. 286, 4 Atl. 927; Ferguson v. Wright, 61 Pa. 258.

All the cases, as well as the plainest principles of justice, require notice to the claimant or his counsel in the pending matter. Wallace v. Clingen, 9 Pa. 51; Brownfield v. Canon, 25 Pa. 301; Wilcock v. Neel, 1 Phila. 129.

As well might judgment by default be entered in any other case, by service of a rule upon one not counsel therein, but who had happened to be counsel for the same party in other causes.

The notice was not such as required the plaintiff to come in and defend or be debarred. At most it is but a notice of suit, and there is no rule of law which compels the real owner of attached property, on notice of the suit, to intervene and defend *pro interesse suo,* on pain of forfeiting his rights of property or of action. Megee v. Beirne, 39 Pa. 51.

The notice should be a notice to come in and defend. Wallace v. Clingen, 9 Pa. 51; Brownfield v. Canon, 25 Pa. 301; McMunn v. Carothers, 4 Clark (Pa.) 354; Wilcock v. Neel, 1 Phila. 129; Wasserman v. Centennial Nat. Bank, 3 W. N. C. 475.

On a rule for judgment against a garnishee on his answers no person can be heard but a party to the record; nor can anything be heard to contradict the answers. Lancaster County Bank v. Gross, 50 Pa. 229.

If the notice were proper in form, still plaintiff would not be debarred, for the law requires impossibilities of no man; and as the law has said that on a rule for judgment on answers, no one can be heard to contradict them, it will not say to this plaintiff, You must contradict them or be debarred.

The averments of the garnishee in his answers hindered the plaintiff from effectually interposing.

By answering thus, the defendant took upon himself to settle the question without the interposition of court or jury. He chose to mix in the contest, and for so doing must take the consequences. Parmer v. Allen, 14 W. N. C. 211.

But the plaintiff in this case swears that by special contract he personally sold this leather to defendant, and the jury have so found. The answers, therefore, cannot be true. Were each equally innocent, he whose misplaced confidence caused the loss would have to bear it. Pennsylvania R. Co.'s Appeal, 86 Pa. 80.

No time or opportunity was given plaintiff to intervene, but the garnishee by his haste absolutely precluded it.

All the proceedings were completed before the return day of the writ. But a party to the record cannot be compelled to move before the return day of the writ. Bird v. Shirk, 2 Legal Chronicle, 158; Williams v. Gilmore, 1 Am. L. Reg. 269.

A fortiori no other person can.

Had the garnishee desired to protect himself he could have taken a rule upon the claimant and plaintiff to interplead. He could have obtained a sci. fa. to bring the claimant in and compel him to interplead. He could have filed an interpleader bill. Any one of these courses, together with payment of the fund into court, would have relieved him of all responsibility. Moore v. Moore, 12 Phila. 173; Fish v. Keeney, 91 Pa. 138; Wilbraham v. Horrocks, 8 W. N. C. 285; McMunn v. Carothers, 4 Clark (Pa.) 354; Brownfield v. Canon, 25 Pa. 301; Wasserman v. Centennial Nat. Bank, 3 W. N. C. 475.

He chose, however, to answer; and by the acts of June 16, 1836, § 37 (Purdon's Digest, 746, pl. 39), and of June 13, 1836, § 56 (Purdon's Digest, 826, pl. 21), his answers must be full, direct, and true.

Had they been full and true plaintiff therein could not have had judgment. Allegheny Sav. Bank v. Meyer, 59 Pa. 361; Ferguson v. Craig, 1 W. N. C. 153; Fithian v. Brooks, 1 Phila. 260; Moore v. Moore, 12 Phila. 173.

The jury have found they were not true.

If they are not full and true, and judgment is entered, the loss will be the garnishee's. Baker's Appeal, 108 Pa. 510, 2 Cent. Rep. 837, 56 Am..Rep. 231, 1 Atl. 78.

Having failed to bring in the claimant, the garnishee is bound to make every just and legal defense he could make, or be answerable to him for the fund. Baldy v. Brady, 15 Pa. 108; Bank of Northern Liberties v. Munford, 3 Grant, Cas. 232.

The verdict of the jury determines that had he made defense plaintiff in that suit could not have recovered; consequently, the garnishee is liable in this suit.

*J. Rodman Paul* and *A. Sydney Biddle,* for defendant in error.—The garnishee is protected by a recovery in an attachment suit, so that he will not be obliged to pay the money over again. Le Chevalier v. Lynch, 1 Dougl. 170; Sill v. Worswick, 1 H. Bl. 669; Philips v. Hunter, 2 H. Bl. 408; Sergeant, Attachm. 134; Anderson v. Young, 21 Pa. 443; Weber v. Samuel, 7 Pa. 499; Embree v. Hanna, 5 Johns. 101.

The claimant of the thing attached has the right to and should, on notice, intervene.

If after notice he fails to appear and plead, the garnishee will be protected by the recovery of the thing attached, and the claimant will be forever barred.

Where a debt is attached, after it has been assigned, the garnishee may give notice of the attachment to the assignee, and he must come in and defend for his interest. Wilcock v. Neel, 1 Phila. 129; Coates v. Roberts, 4 Rawle, 100; Brownfield v. Canon, 25 Pa. 299.

A garnishee is entitled to a liberal construction of every law and of every presumption; he is one towards whom the court will exercise more liberality than to an ordinary litigant. Biddle v. Girard Bank, 16 W. N. C. 400.

Where one of several innocent parties shall suffer, the equities of the innocent garnishee are superior to those of the claimant after notice, who has failed to intervene. Embree v. Hanna, 5 Johns. 101.

OPINION BY MR. JUSTICE GREEN:

The verdict of the jury established that Charles Osner was the owner of the leather in question. By the judgment for the

defendant on the point reserved he has been deprived of the benefit of his ownership. If the facts stated in the point, or conclusively proved on the trial, justify the judgment, the plaintiff must submit to the consequences; but if not, the judgment must be reversed.

The case turned upon the question of notice to the plaintiff Charles Osner, of the attachment proceeding against Vollrath as garnishee of Frederick Osner. It was neither alleged nor proved that any notice was served upon Charles Osner. The sole allegation of the defense was a notice to Mr. Stutzbach who, it is claimed, was counsel for Charles Osner, and therefore that notice to him was obligatory upon his client. In the point reserved there is no statement that Mr. Stutzbach was counsel for Charles Osner, but a notice in writing to him dated May 3, 1883, is stated in the reservation; and there was such a notice in proof on the trial. In that written notice the writer states that he gives the notice to Mr. Stutzbach because he understood him to represent Charles Osner. But Mr. Stutzbach was examined as a witness on the trial, and testified that although he had represented Charles Osner in other matters, he did not do so in this, and considered he had no standing in the case.

What is still more to the point, he testified that happening to be in court when judgment against the garnishee on his answers was asked for, he expressly stated to the court that he thought he had no standing in the case. As there is no proof that he was of counsel for Charles Osner in that matter and at that time, his distinct disavowal of the relation before judgment was taken was notice to the garnishee that the relation did not exist, and the garnishee's subsequent assent to judgment on the answers and his payment of the judgment were at his own peril.

In this condition of the record and of the testimony, we cannot hold Charles Osner bound by the notice served upon Stutzbach. The reserved point does not state the existence of the relation; the written notice only refers to it as an understanding of the writer and the witness himself disproves it. The fact that the witness subsequently brought the present action to recover the price of the leather does not prove that he was of counsel in reference to this matter at the time the judgment was taken.

Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff, for $207.84, with costs.